## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHARON PANUNTI, | : |
| | : |
| Plaintiff | : |
| | : |
| vs. | : CIVIL ACTION NO. 3:CV-05-1433 |
| | : (CHIEF JUDGE VANASKIE) |
| ROSENN, JENKINS and GREENWALD, | : |
| L.L.P., | : |
| | : |
| Defendant | : |

## M E M O R A N D U M

This employment discrimination case has been in litigation limbo for nearly one year as a result of the inability of Plaintiff Sharon Panunti to secure counsel to represent her.  My esteemed colleague, Judge Richard P. Conaboy, to whom this matter was originally assigned,[1] sought to conduct a case management conference in September of 2005.  No scheduling conference has yet to be conducted as a result of a disabling conflict of interest for Plaintiff's original attorney, and Plaintiff's inability to secure replacement counsel.  Indeed, the case management conference sought to be held on September 15, 2005 was continued four times by Judge Conaboy at the instance of Plaintiff's original attorney.

Judge Conaboy's Order of November 16, 2005 (Dkt. Entry 11) warned plaintiff that failure to have substitute counsel of record by November 25, 2005 would result in the dismissal

---

[1]The action was reassigned to me by Order of Judge Conaboy entered on April 7, 2006.

of this action.  Judge Conaboy repeated this warning in an order entered on January 17, 2006.  (Dkt. Entry 19.)  When granting Ms. Panunti yet another enlargement of time to obtain counsel, Judge Conaboy, in an order dated February 16, 2006, again admonished Plaintiff that if she "does not secure new counsel to represent her by [March 17, 2006], this action will be dismissed for failure to prosecute."  (Dkt. Entry 24.)

On March 16, 2006, Plaintiff filed yet another motion for an extension of time to retain counsel.  By Memorandum and Order entered on March 16, 2006, Judge Conaboy directed defense counsel to respond to the letter motion within twenty (20) days.  (Dkt. Entry 27.)

Defense counsel complied with Judge Conaboy's directive by filing a detailed account of Plaintiff's dilatory conduct, spanning a period of more than nine months.  (Dkt. Entry 29.)  Plaintiff did not challenge the accuracy of the facts presented in Defendant's answer to her motion for continuance.  Nor did Plaintiff reply to defense counsel's plea that this matter be dismissed for failure to prosecute.

Having considered the six factors pertinent to dismissal of an action for failure to prosecute, see Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984), I am compelled to conclude that such relief is warranted in this case.  It is evident that Plaintiff is personally responsible for the lengthy delay in these proceedings in that she has been told repeatedly that failure to secure substitute counsel will result in the dismissal of the action.  This

is not action that could be taken by her original lawyer.[2]  Prejudice to Defendant is evident where, as here, a scheduling conference cannot even be held more than one year after the action was brought.  There is a plain history of dilatoriness, reinforced by Plaintiff's failure to contest the factual assertions made in reply to her latest request for a continuance.  While Plaintiff may not be acting in bad faith, it is evident that she has ignored repeated deadlines to enable this litigation to move forward.  There does not appear to be any lesser sanction than dismissal that would be effective in this case.  Finally, Plaintiff has not shown that the administrative employment discrimination proceedings that preceded the commencement of this action resulted in a finding of probable cause that she has been the victim of employment discrimination.  Thus, it cannot be said that her claim is probably meritorious.

      Accordingly, dismissal of this action will be directed.  An appropriate Order follows.

           **s/ Thomas I. Vanaskie**
           Thomas I. Vanaskie, Chief Judge
           Middle District of Pennsylvania

---

[2] Plaintiff has shown no inclination to proceed pro se, that is, without the assistance of counsel.  If Plaintiff wishes to proceed without counsel, she may move for reconsideration of this decision.  Plaintiff is cautioned that such a motion must be filed within ten (10) days of entry of this ruling.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **SHARON PANUNTI,** | : |
| **Plaintiff** | : |
| vs. | : CIVIL ACTION NO. 3:CV-05-1433 |
| | : (CHIEF JUDGE VANASKIE) |
| **ROSENN, JENKINS and GREENWALD, L.L.P.,** | : |
| **Defendant** | : |

## O R D E R

**NOW, THIS 31st DAY OF JULY, 2006,** for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. This action is **DISMISSED** for failure to prosecute.

2. The Clerk of Court is directed to mark this matter **CLOSED**.

                                        **s/ Thomas I. Vanaskie**
                                        Thomas I. Vanaskie, Chief Judge
                                        Middle District of Pennsylvania